**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001130
27-AUG-2015
07:51 AM**

NO. CAAP-14-0001130

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALTON DAYLE KAONO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. FC-CR NO. 14-1-094K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Alton Dayle Kaono (Alton) with abuse of a family or household member, in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2013)[1] (Count 1), and fourth-degree criminal property damage, in violation of HRS § 708-823(1) (2014)[2] (Count 2). The complaining witness for both counts was Alton's brother, Elliot Kaono (Elliot). After a jury-waived

---

[1] HRS § 709-906(1) provides, in relevant part: "It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]" A "family or household member" includes persons related by consanguinity. Id.

[2] HRS § 708-823(1) provides: "A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent."

bench trial, the Family Court of the Third Circuit (Family Court)[3] found Alton guilty as charged of Counts 1 and 2. The Family Court sentenced Alton to concurrent terms of two years of probation on Count 1 and six months of probation on Count 2, subject to the special condition of 48 hours of imprisonment. The Family Court entered its Judgment on September 15, 2014.

On appeal, Alton argues that the Family Court erred in finding him guilty because there was insufficient evidence to prove that he committed the charged offenses. We disagree and affirm.

I.

When viewed in the light most favorable to the State, there was sufficient evidence to support the Family Court's guilty verdicts. Elliot testified that on the day in question, Alton punched the back of Elliot's truck, came up and punched Elliot on the left side of the head, punched Elliot again in the cheek, and then "punched out" the driver's side window of Elliot's truck. Elliot stated that "it hurt" both times that Alton hit him. Elliot also stated that Alton's first punch "kinda dazed" him and caused him to "stumble back." Elliot drove to the police station to report the incident.

At the police station, Elliot met with Officer Daniel Tam (Officer Tam). Officer Tam testified that he observed "slight red swelling to the left side of [Elliot's] face" and "[a]brasions of the left shoulder." Officer Tam also observed that the driver's side window of Elliot's vehicle was broken.

In explaining its guilty verdicts, the Family Court stated that it "based its decision" on Elliot's testimony and noted that Elliot's testimony had been corroborated by other evidence presented by the State. Alton's claim that there was insufficient evidence to support the Family Court's guilty verdicts is based on his contention that the Family Court should have accepted Alton's version of the incident, which was that

---

[3] The Honorable Melvin H. Fujino presided.

Alton did not punch Elliot and that Alton accidently broke the window of Elliot's truck when Alton slammed the door. However, as the trier of fact, it was the Family Court's prerogative to determine the credibility of the witnesses. See State v. Smith, 106 Hawaiʻi 365, 372, 105 P.3d 242, 249 (App. 2004) ("It is the province of the [trier of fact], not the appellate courts, to determine the credibility of witnesses and the weight of the evidence."); State v. Lioen, 106 Hawaiʻi 123, 130, 102 P.3d 367, 374 (App. 2004) ("We . . . give full play to the province of the trier of fact to determine credibility, weigh the evidence, and draw rational inferences from the facts."). We conclude that Alton's claim that there was insufficient evidence to support the Family Court's guilty verdicts is without merit.

II.

For the foregoing reasons, we affirm the Family Court's Judgment.

DATED: Honolulu, Hawaiʻi, August 27, 2015.

On the briefs:

William H. Jamieson, Jr.
Deputy Public Defender
for Defendant-Appellant

Jason R. Kwiat
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Clifford R. Foley*
Associate Judge

Associate Judge